IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00542-MSK-CBS

UNITED STATES AVIATION UNDERWRITERS, INC.,
a New York corporation,

      Plaintiff,

v.

INTERNATIONAL GOVERNOR SERVICES, LLC,
a Delaware limited liability company;
COVINGTON AIRCRAFT ENGINES, INC.,
an Oklahoma corporation; and
DOES 1 through 500, inclusive,

      Defendants.

## PROTECTIVE ORDER

Upon agreement of the parties and a showing that such an Order is needed to prevent unwarranted disclosure of confidential and proprietary information and documentation, the Court orders the following:

      1.     This protective order shall govern all documents produced by any party and designated as confidential. All such information and documentation shall be referred to herein as "Confidential Information". Confidential Information shall be used solely in connection with, and only as necessary to, the preparation of this action for trial or any related appellate proceedings, and not for any other purpose including, without limitation, any other litigation, business or personal purpose.

      2.     All written materials produced or disclosed by any party in this litigation (including,

but not limited to, documents, interrogatories, responses to requests for admission, and deposition testimony) which the producing party believes to contain Confidential Information shall be designated as confidential by affixing a label to each page of the document with the following legend "CONFIDENTIAL" and shall be revealed only as provided herein.

3. All claims of confidentiality shall be made in good faith by the party asserting the claim. Confidential Information shall include, without limitation, any information in which a party has a protectable interest, including but not limited to, an individual's personal and private information (such as health, medical, income, and financials), information regarding a party's finances, processes, products, customers, services, pricing, research & development, manufacturing, purchasing, accounting, engineering, designing, marketing, merchandising, selling, distribution, leasing, and servicing systems and techniques. By way of example only, such information includes schematics, designs, models, drawings, manuals, memoranda, specifications, computer software, computer printouts, computer programs, development tools and processes, technical data and improvements. It also includes plans or proposals with regard to any of the foregoing, whether implemented or not, and any electronic data recorded, sent or retrieved by any means that contains any of the foregoing information.

4. Confidential Information designated "CONFIDENTIAL" should not be disclosed except to the following persons:

    a. Counsel of record for any party to this action;

    b. Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel of record for any party to this action;

    c. Any party or officer, director or employee of a party who is responsible for assisting counsel in this action, provided that counsel advises such person that the information is

Confidential Information covered by this protective order;

        d.     Court personnel, including stenographic reporters engaged in the proceedings as are necessarily incident to preparation for trial;

        e.     Any outside expert, consultant or investigator retained in connection with this action, provided that, prior to disclosure of any confidential material or information derived from Confidential Information, the expert, consultant or investigator shall certify in writing that he/she has read and understands the terms of this protective order and agrees to be bound to such terms;

        f.     Actual or proposed witnesses who have a need to review the documents or information for the prosecution or defense of this lawsuit, provided that, prior to disclosure of any confidential material or information derived from Confidential Information, the witness shall certify in writing that he/she has read and understands the terms of this protective order and agrees to be bound to such terms; and

        g.     Others permitted by order of this Court.

5.     In order to ensure compliance with paragraph 4 of this protective order, counsel for the parties agree that prior to disclosing any Confidential Information to any person or entity, they will provide such person (other than Court officials, clerical and support personnel employed by the attorneys in this Action, and employees of third party contractors involved in one or more aspects of copying, organizing, filing, coding, imaging, converting, storing, or retrieving data or designating programs for handling data connected with this action) with a copy of this Agreed Protective Order and will have such person acknowledge that they have received and read this protective order and understand that they are bound thereby by signing the Acknowledgement attached hereto as Exhibit A.

6. If any party believes that any material produced and stamped "CONFIDENTIAL" does not contain Confidential Information, it may contest the applicability of this protective order to such material by notifying the attorneys of the party claiming the material is confidential and proprietary and identifying the material contested. Upon such notification, the producing party shall have thirty (30) days in which to make a specific motion for a protective order with respect to such material. During the pendency of such motion, the material shall be treated as "Confidential Information" subject to this protective order. As to any contested material for which such motion is not made or the requested relief is not granted, such material shall be deemed outside the scope of this Order.

7. At the time of deposition or within 30 days after receipt of the deposition transcript, a party may designate as "Confidential Information" specific portions of the transcript which contain such matters. This designation shall be in writing and served upon all counsel. Transcripts will be treated as confidential and proprietary for this 30-day period. Any portions of a transcript designated "CONFIDENITAL" shall thereafter be treated as such in accordance with this protective order.

8. Confidential Information filed with the Court or attached to any pleading shall be filed under seal to protect the confidential and proprietary nature of such material, and shall be filed in a sealed envelope bearing the title of the case, the title of the document, and a notation: "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER: TO BE OPENED ONLY BY THE COURT FOR ITS REVIEW AND TO THEN BE RESEALED." Such Confidential Information shall remain confidential and under seal to protect the confidential and proprietary nature of such material. Such Confidential Information shall remain confidential and under seal to the conclusion of this litigation and any appellate proceedings related thereto.

9. The Parties shall take all reasonable steps necessary to protect Confidential Information which is disclosed, either by the use of such Confidential Information as an exhibit or through testimony or argument, at a deposition or hearing of this matter. Such reasonable steps shall include (a) compliance with this protective order, and (b) designation of any exhibit, transcript, or record in a manner consistent with paragraphs 2, 7 and 8 of this protective order.

10. There shall be no reproduction whatsoever of Confidential Information, except that, as required by the litigation, copies, excerpts or summaries may be made by counsel, counsel's staff, and court personnel for use by those authorized pursuant to paragraph 4 above. All Confidential Information and copies, excerpts or summaries thereof shall be retained in the custody of the parties or attorneys of record for the parties in this litigation during the pendency of the litigation; provided, however, that Confidential Information and/or copies, excerpts or summaries thereof may be furnished to and retained in the custody of any testifying expert witness in accordance with the terms of this protective order.

11. The parties may, by express written agreement, waive any of the terms of this protective order. Nothing in this protective order shall be construed as a waiver of any right to object to the furnishing of information or responding to discovery on a basis other than confidentiality. Moreover, to the extent that any material that is subject to the attorney-client or work-product privilege is inadvertently revealed, the parties shall be deemed to have reserved their privileges with respect to such information and production of such material shall not, in itself, constitute a waiver of the privilege.

12. The provisions of this protective order shall not terminate at the conclusion of this litigation. On conclusion of this action, all Confidential Information in the possession or under the control of counsel, the parties or their agents, witnesses, experts, consultants or investigators, shall

be destroyed or returned to the party producing it at the determination of the producing party. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than thirty (30) days after final termination of this litigation. In addition, the provisions of this protective order restricting the use and communication of Confidential Information marked "CONFIDENTIAL" pursuant to this protective order shall continue to be binding after the conclusion of this litigation.

13. Nothing in this protective order, and no action taken pursuant to it, shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, any additional protection with respect to the discoverability or confidentiality of documents or other information, or prejudice the right of any party to contest the alleged relevance, admissibility or discoverability of documents or information that may be subject to this protective order.

14. This Order is made for the purpose of discovery and pre-trial purposes only. The parties expressly agree that, in the event documents designated during discovery as "CONFIDENTIAL" are to be used at trial and made part of a public record, the confidential or proprietary nature of such documents will be revoked, and the burden will rest with the party seeking confidentiality to place such information under seal or otherwise protect the same from public disclosure.

15. In the event that any person or entity shall violate or threaten to violate any terms of this protective order, the party aggrieved by such violation or threatened violation may seek any remedy allowable by law or equity. If it is necessary for either party to employ an attorney to enforce the terms of this Order or to defend against such an enforcement action, the prevailing party shall be entitled to recover a reasonable attorney's fee.

DATED at Denver, Colorado, this 9th day of June, 2010.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

APPROVED:

*s/ Jon A. Kodani*
JON A. KODANI (SBN 86258)
JEFFREY J. WILLIAMS (SBN 156401)
LAW OFFICES OF JON A. KODANI
220 Michigan Avenue
Santa Monica, CA 90404
Telephone: (310) 453-6762
Facsimile: (310) 829-3340
lojak@kodanilaw.com
***Attorneys for Plaintiff***


*s/ David S. Wooding*
DAVID S. WOODING, #10781
MICHAEL G. JONES, #14511
MARTIN, PRINGLE, OLIVER WALLACE & BAUER, L.L.P.
100 North Broadway, Suite 500
Wichita, KS 67202
Telephone: (316) 265-9311
Facsimile: (316) 265-2955
dswooding@martinpringle.com
mgjones@martinpringle.com
and

L. MICHAEL BROOKS, JR.
WELLS, ANDERSON & RACE, LLC
1700 Broadway, Suite 1020
Denver, CO 80290
Telephone: (303) 830-1212
mbrooks@warllc.com
***Attorneys for International Governor Services, LLC***

*s/ Bradley K. Donnell*
BRADLEY K. DONNELL, OBA #15922
RODNEY K. HUNSINGER, OBA #19839
MCAFEE & TAFT A PROFESSIONAL CORPORATION
Tenth Floor, Two Leadership Square
211 North Robinson
Oklahoma City, Oklahoma  73102-7103
Telephone: (405) 235-9621
Facsimile: (405) 235-0439
brad.donnell@mcafeetaft.com
rodney.hunsinger@mcafeetaft.com
***Attorneys for Covington Aircraft Engines, Inc.***

# EXHIBIT A

## ACKNOWLEDGEMENT OF PROTECTIVE ORDER

      I, _____, understand that information may be discussed in my presence and/or documents provided to me that involves confidential information. I understand that an Agreed Protective Order has been entered by the Court declaring that certain information is confidential and that such information shall not be disclosed to any person or entity other than those provided for in the Agreed Protective Order. I understand that I am subject to this Court's Agreed Protective Order and acknowledge that a copy of the Agreed Protective Order has been provided to me. I hereby agree that I will keep confidential and not divulge to any person any confidential information that has been revealed to me.

      Dated this _____ day of _____, 20_ _.


      (Signature)


      (Printed Name)